# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN GREIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV298 NAB |
| | ) | |
| BARRON E. PRATTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, a civil detainee at the Southeast Missouri Behavioral Health Center (SMBHC),

brings this action under 42 U.S.C. § 1983 against several employees there. Plaintiff is serving a thirty-month sentence for violating the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a). United States v. Greive, No. 3:11CR30205 DRH (S.D. Ill.). The Federal Bureau of Prisons (BOP) contracts with SMBHC to house certain federal inmates during the final months of their incarceration for addiction-related treatment.

Plaintiff alleges that defendants make him wear an ankle bracelet with GPS capabilities to keep track of his location. He also claims that defendants will not give him soap or shampoo, but he says he gets these items from other detainees. He does not claim that he has sustained any injuries from the lack of hygiene items. Plaintiff asserts that a female client accused him of harassing her, and he says defendants took away his cell phone and he has been deprived of communications with his family as a result. Plaintiff says he has suffered from emotional distress and has been subjected to defamation of character because of the accusations from the female client.

## Discussion

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff has not alleged that he has suffered any physical injuries. As a result, he cannot recover damages for his alleged emotional injuries.

Similarly, plaintiff's claims for defamation of character are not cognizable under § 1983. These claims arise under state law.

Plaintiff's claims regarding wearing an ankle bracelet do not rise to the level of a constitutional violation. Plaintiff is subject to whatever restrictions the BOP imposes upon him for the safety and security of the staff and residents at SMBHC. There is nothing inherently

unreasonable about the ankle bracelet requirement.

Finally, plaintiff does not have a constitutional right to have a cell phone, and absent some injury, the constitution is not implicated. As a result, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 27th day of February, 2014.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE